UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LORRAINE PADRO,

                Plaintiff,

-against-

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

                Defendant.

------------------------------------------------------------X

**ORDER**

10-CV-3387 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On July 23, 2010, Plaintiff Lorraine Padro ("Padro") filed a Complaint under 42 U.S.C. § 405(g) seeking judicial review of the Social Security Administration's ("SSA's") denial of her claim for benefits. (Compl. (Docket Entry # 1).) On December 20, 2010, the parties jointly requested an extension of time to serve and file their motions for judgment on the pleadings. (Docket Entry # 6.) The court granted that request. (Docket Entry # 7.) On January 24, 2011, the parties jointly request an extension of time to serve and file Padro's cross-motion to the Commissioner's motion. (Docket Entry # 10.) The court again granted the parties' request. (Docket Entry # 11.) On February 9, 2011, the parties jointly requested leave to file excess pages and another extension of time. (Docket Entry # 12.) On February 10, 2011, the court granted the parties' request to file excess pages but set a separate briefing schedule regarding the parties' motions. (Docket Entry # 13.) In that schedule, the parties' fully briefed motions were due by April 11, 2011. (Id.) Nevertheless, on April 1, 2011, the parties' requested yet another extension of time so that their fully briefed motions would be due by April 22, 2011. (Docket Entry # 16.) The court granted this extension, too. (Docket Entry # 17.)

On April 20, 2011—two days before the parties' fully briefed motions were due—Padro filed a letter with the court requesting leave to file an amended complaint; a stay of the court's consideration of the parties' motions in light of a separate class action in which Padro joined; and yet another extension of time. (Pl.'s Lett. (Docket Entry # 18).) The Commissioner did not consent to any of Padro's requests. (See id.)

Padro's requests to amend her complaint and to stay the court's consideration of the parties' upcoming motions are denied. Regarding Padro's request to amend her complaint, while it is true that a party should be allowed to amend her pleadings when "justice so requires," Padro's dilatory behavior in this suit counsels otherwise. See Fed. R. Civ. P. 15(a)(2). Motions to amend "may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, Padro's litigation tactics—specifically, Padro's *five* requests for an extension of time and her out-of-left-field request to amend her complaint only *two* days before her brief was due—strongly suggest a dilatory motive on her part. Even if this is not the case, the amendment here would cause the Commissioner, who has already responded to Padro's opposition and cross-motion (see Docket Entry # 15), undue prejudice. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 190 (2d Cir. 2007) (affirming district court's denial of plaintiff's motion to amend where amendment "would have prejudiced defendants because the amendment was sought at a late stage of the litigation, after the close of discovery and after defendants had moved for summary judgment"). Plaintiff's motion for leave to file an amended complaint is DENIED.

Padro's request to stay the court's consideration of her claim is also DENIED. Padro points to no law or rule entitling her to such a stay, nor can the court find any. Padro has now had eleven months to fully investigate her claims and craft her motion for relief; the court will not sanction this transparent attempt to obtain two bites at the apple by delaying her instant suit so that it coincides with another to her satisfaction.

Regarding Padro's request for an extension of time, the court is loathe to grant what would be her *fifth* in this case. Nevertheless, the court will grant Padro a brief extension to serve her reply on the Commissioner, one last time. Accordingly, Padro is directed to serve her outstanding reply on the Commissioner by April 29, 2011, no later than 5:00 p.m., Eastern Time. The Commissioner is directed to electronically file the fully briefed motions the same day. Absolutely no further extensions of time will be granted.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 22, 2010

NICHOLAS G. GARAUFIS
United States District Judge